UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
6/29/2023
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| JULIE SU, <br> ACTING SECRETARY OF LABOR, <br> UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> MSES CONSULTANTS, INC., <br> LAWRENCE RINE, and <br> MSES, INC. EMPLOYEE HEALTH PLAN <br><br> Defendant(s). | CIVIL ACTION NO. <br><br> 1:23-cv-55 Kleeh |

## COMPLAINT

Plaintiff, Julie A. Su, the Acting Secretary of Labor (the "Acting Secretary"), hereby alleges:

### Jurisdiction and Venue

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is brought by the Acting Secretary under Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of Title I of ERISA.

2. This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue with respect to this action lies in the Northern District of West Virginia, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) because the MSES, Inc. Employee Health Plan was administered in Clarksburg, Harrison County, West Virginia, within this District.

## The Parties

4. The Acting Secretary, pursuant to Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

5. The MSES, Inc. Employee Health Plan (the "Health Plan") was an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), that offered health and welfare benefits to its participants, who were employees of MSES, Inc. ("MSES" or the "Company"), and therefore is subject to the coverage of the Act, pursuant to Section 4(a) of ERISA, 29 U.S.C. § 1003(a). The Plan is joined as a party defendant under Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

6. At all relevant times, MSES has been the Health Plan's Sponsor and is named in the Health Plan documents as the Plan Administrator. At all relevant times, the Company has exercised discretionary authority and discretionary control respecting management of the Health Plan, exercised authority and control respecting management or disposition of the Health Plan's assets, and had discretionary authority and discretionary responsibility in the administration of the Health Plan. The Company, therefore, is a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14)(A) and (C) of ERISA, 29 U.S.C. §§ 1002(14)(A) and (C). The Company filed a

petition for bankruptcy under Chapter 11 on December 14, 2015, in the Northern District of West Virginia at case number 15-bk-01204. The bankruptcy court dismissed the case on October 18, 2017.

7. At all relevant times, Lawrence Rine ("Rine") was the President of MSES. At all relevant times, Rine had discretionary authority and discretionary control respecting management of the Health Plan, exercised authority and control respecting management and disposition of the Health Plan assets, and had discretionary authority and discretionary responsibility in the administration of the Health Plan. Rine, therefore, is a fiduciary of the Health Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14) (A), (E) and (H) of ERISA, 29 U.S.C. §§ 1002(14) (A), (E) and (H).

## Factual Allegations

8. The Company is the Plan Sponsor and named Plan Administrator of the Health Plan. The Health Plan was established as a partially self-funded health and welfare plan offered to all eligible employees beginning January 1, 2016. At all relevant times, the Health Plan provided medical benefits to full-time Company employees and their eligible dependents. For single employees, the coverage was paid through employer contributions; for employees with dependents, coverage was partially paid by employer contributions and the remainder was funded through employee contributions paid through payroll deductions. Although the Health Plan year was to run from January 1, 2016, to December 31, 2016, MSES ultimately terminated the Health Plan on October 31, 2016.

9. Benefits Assistance Corporation ("BAC") was the Health Plan's third-party administrator who processed claims, drafted plan documents, and handled the day-to-day customer service.

10. On May 16, 2016, BAC notified MSES and Rine that MSES was 60 days past due on funding of adjudicated healthcare claims and that two individuals had exceeded the Plan's benefit limit, but BAC was unable to submit the claims for reinsurance under the stop-loss insurance policy because MSES had not yet paid the claims up to the stop-loss limit. MSES and Rine did not respond.

11. The Health Plan document references a stop-loss policy. MSES applied for a stop-loss policy to IRC which returned a policy acceptance page to be executed by the Health Plan. Despite following up with MSES several times, IRC never received a signed acceptance page and as such no stop-loss policy was ever put in place in accordance with the Health Plan document.

12. On May 20, 2016, BAC sent MSES and Rine an email that they were past due $115,397.25 for claims dating back to April 20, 2016. BAC sent MSES and Rine another email on June 17, 2016 notifying them of additional unpaid claims, for a total of $124,248 in unpaid claims. MSES and Rine again did not respond.

13. Despite these repeated communications from BAC notifying MSES and Rine of the continual unpaid claims, the Company made no effort to inform Plan participants nor to take action to resolve the claims with BAC.

14. Funding problems persisted thereafter, and BAC continued to notify Rine and MSES of the outstanding unpaid claims, including by email on September 9, 2016 and September 30, 2016.

15. Internal emails from the Company acknowledge that MSES and Rine knew about the unpaid claims and their amounts, despite their lack of response to BAC and taking no steps to inform Plan participants.

16. MSES and Rine did not notify participants that their health coverage was terminated or in danger of being terminated until September 27, 2016, when MSES held a staff meeting where it informed employees that the Health Plan would terminate effective October 31, 2016. MSES and Rine subsequently sent a letter to employees on September 30, 2016, notifying them that as of October 31, 2016, the Health Plan would terminate and that employees should seek coverage through other means.

17. As of September 27, 2016, when it first notified employees that the Health Plan would terminate on October 31, MSES and Rine still had yet to pay outstanding claims dating back to April 20, 2016 and continued to withhold employee contributions from participant's pay. MSES and Rine also failed to pay healthcare premiums and fees due to BAC for the months of September and October 2016.

18. During the period of April 20, 2016 through October 31, 2016, MSES and Rine failed to pay properly adjudicated health claims and (for employees with dependents) continued to withhold employee contributions from participant's pay. During this time, they failed to notify participants that Health Plan claims were not paid, and that these might continue to go unfunded and unpaid. As a result, participants and beneficiaries reasonably believed they continued to be covered under the terms of the Health Plan when they were not.

19. Because of MSES and Rine's failure to notify participants and beneficiaries of their failure to fund adjudicated health claims during the period of April 20, 2016 through October 31, 2016, participants and beneficiaries continued to seek covered benefits under the

mistaken belief that Health Plan coverage remained in place. The participants and beneficiaries were billed at least $153,939.42 for medical services that were not paid due to the fact that they lacked insurance coverage as a result of the fiduciaries' failure to fund the Health Plan and Defendant's misrepresentations.

## Causes of Action

## Count 1

**Fiduciary Breaches and Prohibited Transactions Relating to the Health Plan**

20. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Acting Secretary re-alleges and adopts by reference the averments and allegations of paragraphs 1 through 17.

21. By the actions and conduct described in the paragraphs above, Rine and MSES, as fiduciaries of the Health Plan failed to discharge their duties with respect to the Health Plan:

    a. solely in the interest of the participants and beneficiaries; and

    b. with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B); and

22. As a result of the fiduciary breaches of Rine and MSES, the Health Plan participants and beneficiaries were billed at least $153,939.42 for medical services that were not paid solely to the fact that they lacked insurance coverage because the fiduciaries failed to fully fund the Health Plan.

23. As a result of the foregoing fiduciary breaches, the Health Plan's participants and beneficiaries are entitled to a surcharge remedy against Rine and MSES to compensate them for a loss in healthcare coverage and related expenses. 29 U.S.C. § 1132(a)(5).

### Count 2

### Co-Fiduciary Liability Relating to the Plans

24. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Acting Secretary re-alleges and adopts by reference the averments and allegations of paragraphs 1 through 22.

25. Rine and MSES each participated knowingly in or knowingly undertook to conceal acts or omissions by the other that they knew to be violations of ERISA. By each participating knowingly in the fiduciary breaches of the other, Rine and MSES are each liable for the other's breaches of fiduciary responsibility, pursuant to Section 405(a)(1) of ERISA, 29 U.S.C. § 1105(a)(1).

26. By failing to comply with Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1), in the administration of their specific fiduciary responsibilities which give rise to their status as a fiduciary to the Plans, and thereby enabling the other to commit breaches of ERISA, Rine and MSES are each liable for the other's breaches of fiduciary responsibility, pursuant to Section 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2).

27. Rine and MSES each knew that the other had breached their fiduciary duties under ERISA but did not make reasonable efforts under the circumstances to remedy the other's breaches. Rine and MSES are therefore liable for each other's fiduciary breaches, pursuant to Section 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

## **Prayer for Relief**

WHEREFORE, the Acting Secretary prays that this Court issue an order:

A. Removing the Company and Rine, as fiduciaries of the Health Plan and of any employee benefit plan for which they act as fiduciaries;

B. Imposing a surcharge remedy on Rine and MSES, jointly and severally to compensate the Health Plan participants and beneficiaries for all incurred medical expenses, healthcare claims, and other losses, including interest, which were caused by Defendants' fiduciary misconduct;

C. Appointing an independent fiduciary with plenary authority and control over the management and administration of the Plan, including the authority to marshal assets on behalf of the Plans, to pursue claims on behalf of the Plans, and to take all appropriate action for the distribution of benefits to the Plans' participants and beneficiaries, with all costs and fees of the independent fiduciary to be borne by the Defendants;

D. Permanently enjoining Rine and MSES from acting directly or indirectly, in any fiduciary capacity, with respect to any employee benefit plan subject to ERISA;

E. Permanently enjoining Rine and MSES from exercising any custody, control, or decision-making authority with respect to the assets of any employee benefit plan covered by ERISA;

F. Barring Rine and MSES from engaging in any future violations of ERISA;

G. Awarding the Acting Secretary the costs of this action; and

H. Ordering such further relief as the Court deems to be equitable and just.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103-2968 | Seema Nanda<br>Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor |
| helman.matthew.r@dol.gov<br>(215) 861-5123 (voice)<br>(215) 861-5162 (fax) | Usha Rengachary<br>Regional Counsel for ERISA |
|  | /s/ Stephanie Savino |
| Dated: June 29, 2023 | Stephanie K. Savino<br>Assistant United States Attorney<br>W. Va. I.D. No. 13684<br>United States Attorney's Office<br>U.S. Courthouse and Federal Building<br>1125 Chapline Street, Suite 3000<br>Wheeling, WV 26003<br>Phone: 304-234-0100<br>Fax: 304-234-0112<br>stephanie.k.savino@usdoj.gov<br><br>*/s/ Matthew R. Helman*<br>Matthew R. Helman<br>Trial Attorney<br>PA Bar No. 310727<br>N.D. W.Va. admission *pro hac vice* pending<br><br>Attorneys for Plaintiff<br>U.S. Department of Labor |