UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| JULIE A. SU, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. 1:23-CV-55 ) (KLEEH) |
| v. | ) ) |
| MSES CONSULTANTS, INC., LAWRENCE RINE, AND MSES CONSULTANTS, INC. EMPLOYEE HEALTH PLAN, | ) ) ) ) ) |
| Defendants. | ) |

**CONSENT JUDGMENT AND ORDER**

This action was brought by Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor (the "Acting Secretary") against MSES Consultants, Inc. ("MSES"), Lawrence Rine ("Rine"), and the MSES Consultants, Inc. Employee Health Plan (the "Plan")[1] under Sections 409 and 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1109, 1132(a)(2) and (5), to obtain equitable remedies that will redress violations, obtain appropriate equitable relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to enforce the provisions of Title I of ERISA. *See* Dkt. 1.

The Acting Secretary, MSES, and Rine have agreed to resolve the claims in the Complaint without further litigation. MSES and Rine agree to the entry of this Consent Judgment and Order by the Court, the terms of which are set forth herein:

---

[1] The Acting Secretary named the Plan as a party defendant under Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted. Dkt. 1, ¶ 5.

1

    A.    For the purposes of this Consent Judgment and Order, MSES and Rine admit that the Court has jurisdiction over them and the subject matter of this action.

    B.    The Acting Secretary has agreed to resolve all claims asserted in the Complaint against MSES and Rine for the relief set forth below. The Acting Secretary, MSES, and Rine agree that they will not appeal this Order as written and entered.

    C.    This Consent Judgment and Order may be signed in multiple counterparts and transmitted by facsimile or by electronic mail or by any other electronic means intended to preserve the original graphic and pictorial appearance of a party's signature, each of which shall be deemed an original, but all of which, taken together, shall constitute one and the same instrument. This Consent Judgment and Order is only valid if signed by the Acting Secretary, MSES, and Rine, or their designated representatives.

    D.    The Acting Secretary, MSES, and Rine intend for this Consent Judgment and Order to constitute the complete, exclusive, and fully integrated statement of their agreement. As such, this Consent Judgment and Order is the sole repository of the agreement among the Acting Secretary, MSES, and Rine. The parties herein are not bound by any other agreements, promises, statements, representations, or writings of any kind or nature.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

    1.    This Court has jurisdiction over this action.

    2.    This Court has jurisdiction over MSES and Rine.

    3.    The Acting Secretary previously determined that there are approximately $187,748.79 in bills and/or monies due attributable to claims presented and adjudicated under the Plan between the period of January 1, 2016 through October 31, 2016, through which participants and beneficiaries directly received benefits under the Plan from healthcare providers and other service providers (the "Unpaid Claims").

4.      MSES is now removed as a fiduciary of the Plan and is also removed from the role(s) of trustee, fiduciary, advisor, or administrator that it holds with respect to any other employee benefit plan, as that term is defined at Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

5.      Rine is now removed as a fiduciary of the Plan and is also removed from the role(s) of trustee, fiduciary, advisor, or administrator that he holds with respect to any other employee benefit plan, as that term is defined at Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

6.      The Court appoints Examination Resources, LLC as the independent fiduciary for the Plan (the "Independent Fiduciary"). The Independent Fiduciary shall have plenary authority over the administration, management, and assets of the Plan, and is subject to ERISA's fiduciary duties. The Independent Fiduciary is directed to take all appropriate actions to satisfy or otherwise resolve all Unpaid Claims in accordance with this Consent Judgment and Order and ERISA. These actions include: (1) marshaling all Plan assets, including those remitted under this Consent Judgment and Order, to be held in trust; (2) contacting healthcare providers or other service providers who claim entitlement to compensation related to Unpaid Claims; (3) notifying affected Plan participants and beneficiaries of this Consent Judgment and Order; (4) answering Plan participant and beneficiary questions and providing assistance to those participants and beneficiaries, as needed; and (5) providing reasonable routine updates and/or reports to the Acting Secretary, MSES, and Rine on an as-needed basis. The Independent Fiduciary is empowered to instruct the custodians of the Plan's assets, Plan record keepers, and other third-party Plan service providers respecting the performance of its duties as independent fiduciary, including as to disposition of the Plan's assets. No third-party service provider is permitted to refuse the Independent Fiduciary's instructions because of fees they claim to be owed relating to the Plan.

7.      In order to resolve the Complaint's allegations and claims, including to resolve all Unpaid Claims to be determined, MSES and Rine shall pay or cause to be paid the total sum of

3

Unpaid Claims, as determined by the Independent Fiduciary appointed on behalf of the Plan under Paragraph 6 above, in accordance with the procedures set forth below:

a. MSES and Rine shall remit, or cause to be remitted, $7,500 in equitable restitution within one hundred and twenty (120) days of entry of this Consent Judgment and Order to the Independent Fiduciary to be held in trust for the Plan. MSES and Rine shall provide written proof to the Acting Secretary immediately upon completion of the payment. If the Independent Fiduciary determines that the $7,500 in equitable restitution in insufficient to complete its duties under Paragraphs 7(b)-(f), it shall so advise the Acting Secretary, MSES, and Rine in writing. The parties thereafter agree to meet and confer regarding additional payment amounts and dates. If the parties are unable to agree, the Acting Secretary or the Independent Fiduciary may petition the Court to require MSES and Rine to remit the additional funds necessary to complete the duties described in Paragraphs 7(b)-(f).

b. After receiving the $7,500 in equitable restitution identified in Paragraph 7(a), the Independent Fiduciary shall use these funds to commence reasonable efforts to investigate and ascertain all Unpaid Claims, including their current status. These efforts may include communicating on behalf of the Plan with healthcare providers or other service providers who were not fully paid for one or more Unpaid Claims. As part of this investigation, the Independent Fiduciary should consider proof of prior payments by MSES and/or Rine related to the Unpaid Claims.

c. After investigating the Unpaid Claims as described in Paragraph 7(b), the Independent Fiduciary shall take all actions necessary to satisfy or otherwise

resolve all Unpaid Claims, consistent with this Consent Judgment and Order and ERISA. These actions include:

  i. Obtaining confirmation, in writing, that each healthcare provider or other service provider who was not fully paid for one or more Unpaid Claims has assigned, waived, discounted, written down, adjusted, written-off, or abandoned the right to pursue and/or collect payment for those services.

  ii. Negotiating with healthcare providers or other service providers who were not fully paid for one or more Unpaid Claims to seek reduction of amounts owed for those services or to otherwise reach a settlement that definitively and completely resolves any claim(s) to payment the provider has for those services.

  iii. Negotiating with any other party who claims and proves entitlement to compensation arising from one or more Unpaid Claims to seek reduction of that claimed compensation or to otherwise reach a settlement that definitively and completely resolves the claim(s) to compensation.

d. The Independent Fiduciary shall have sole discretion to negotiate or otherwise communicate on the Plan's behalf with respect to Unpaid Claims, subject to this Consent Judgment and Order and ERISA. The Independent Fiduciary shall also have sole discretion to determine how and to what extent it should pursue efforts to resolve all Unpaid Claims, subject to this Consent Judgment and Order and ERISA.

e. The Independent Fiduciary shall investigate and determine whether any Plan participants or beneficiaries paid, in whole or in part, for any portion of the Unpaid Claims from healthcare providers and other service providers in an amount in excess of what they should have paid for those services under the

  Plan's terms. If the Independent Fiduciary finds that any participant or beneficiary paid any amounts to satisfy an Unpaid Claim in excess of what they should have paid for that Unpaid Claim under the Plan's terms, the Independent Fiduciary is authorized to restore those excess paid amounts to the participant or beneficiary using funds remitted by MSES and Rine under this Consent Judgment and Order.

f. To the extent authorized by an affected Plan participant or beneficiary, the Independent Fiduciary may contact credit agencies to correct any negative action resulting from an Unpaid Claim.

g. Within one hundred and fifty (150) days of receiving the equitable restitution identified in Paragraph 7(a), the Independent Fiduciary shall provide a report regarding the status and valuation of the Unpaid Claims to the Acting Secretary, MSES, and Rine. The report shall describe the actions and communications that the Independent Fiduciary took with respect to each Unpaid Claim and shall include supporting documentation, such as proof of resolution and signed releases from providers. The report shall also identify the amount of equitable restitution necessary to: (1) satisfy or otherwise resolve all Unpaid Claims, and; (2) pay for the fees and costs of the Independent Fiduciary, as set forth in Paragraph 8. The parties expressly agree that the amount of equitable restitution identified by the Independent Fiduciary is final and binding, subject to the terms of this Consent Judgment and Order and ERISA.

h. Within thirty (30) days of receiving the report described in paragraph 7(g), MSES and Rine shall remit, or cause to be remitted, the equitable restitution to the Independent Fiduciary that the report identifies as necessary to satisfy or otherwise resolve all Unpaid Claims and to pay for the Independent Fiduciary's

fees and costs. MSES and Rine shall provide written proof to the Acting Secretary immediately upon completion of the payment.

    i.    Following MSES' and Rine's remittance of the equitable restitution required under Paragraph 7, if the Independent Fiduciary determines that such amounts are insufficient to both resolve the Unpaid Claims and to complete its duties under this Consent Judgment and Order, the Independent Fiduciary shall so advise the Acting Secretary, MSES, and Rine in writing. In such an event, the Independent Fiduciary may petition the Court to approve a distribution plan to allocate the available restitution consistent with ERISA and this Consent Judgment and Order.

    8.    The Independent Fiduciary shall be compensated for the performance of its duties and costs incurred up to 200 hours of work, as described in the attached proposal, payable solely from funds remitted by MSES and Rine, either directly or on their behalf, under this Consent Judgment and Order. Before taking compensation, fees, or expenses from the amounts remitted, the Independent Fiduciary shall provide written notice of such compensation, fees or expenses, by filing a fee notice with this Court and by serving a copy to the Acting Secretary, MSES, and Rine. If within 15 days after filing of a fee notice, no objection to the fee notice is filed with this Court, such compensation, fees, and expenses shall be deemed reasonable expenses and shall be paid without further action or approval of this Court. If an objection to a fee notice is filed with this Court within 15 days after filing of such fee notice, the Court shall hold a hearing on the matter and the compensation, fees, expenses described in the fee notice shall be paid from the money remitted by MSES and Rine to the extent approved by the Court. If the Independent Fiduciary determines that it needs authorization to exceed 200 hours of work, it shall promptly advise the Acting Secretary, MSES, and Rine in writing, and it may petition the Court to require MSES and Rine to remit additional funds to cover that excess.

9. Upon completing the tasks set forth above, the Independent Fiduciary shall consider whether termination of the Plan is appropriate in light of the Plan documents, ERISA, and other applicable federal law. If it determines that termination is appropriate, it will have authority to perform all actions necessary to wind down and terminate the Plan, consistent with the Plan documents and ERISA.

10. MSES shall not serve as a trustee, fiduciary, advisor, or administrator to any employee benefit plan, as that term is defined at Section 3(3) of ERISA, 29 U.S.C. § 1002(3), or serve in any capacity that involves decision-making authority or custody or control of the moneys, funds, assets, or property of any employee benefit plan subject to ERISA.

11. Rine shall not serve as a trustee, fiduciary, advisor, or administrator to any employee benefit plan, as that term is defined at Section 3(3) of ERISA, 29 U.S.C. § 1002(3), or serve in any capacity that involves decision-making authority or custody or control of the moneys, funds, assets, or property of any employee benefit plan subject to ERISA.

12. A copy of this Consent Judgment and Order shall be filed with the Plan records.

13. The Court orders MSES and Rine, along with their agents, employees, service providers, banks, accountants, and attorneys, to provide the Independent Fiduciary with all of the books, documents, and records relating to the finances and administration of the Plan, to the extent that they have such items.

14. The Court orders all third-party service providers to the Plan, including the Plan custodian, along with their agents, employees, service providers, banks, accountants, and attorneys, to provide the Independent Fiduciary with all of the books, documents, and records relating to the finances and administration of the Plan, and to make an accounting to the Plan of all contributions to the Plan, and all transfers, payments, or expenses incurred or paid in connection with those Plan.

15.   In the event that MSES or Rine file for bankruptcy protection at any time before satisfaction of the equitable relief they owe under this Consent Judgment and Order, neither MSES nor Rine shall not oppose any proof of claim that the Acting Secretary files in the bankruptcy proceeding for any amounts still owing under this Consent Judgment and Order. In addition, MSES and Rine stipulate that the unpaid amounts shall be treated as a non-dischargeable debt under 11 U.S.C. § 523(a)(4).

16.   The amounts paid by Defendants—the final amount of Unpaid Claims and costs of the Independent Fiduciary paid pursuant to this Consent Judgment and Order—are understood by the parties to this Agreement to be the "applicable recovery amounts" for purposes of civil penalty assessment pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l). It is further understood by the parties to this Agreement that the penalties which will be assessed will be equal to twenty percent (20%) of the "applicable recovery amounts." MSES and Rine agree (1) to pay the assessed penalty within 60 days of service of notice of the assessment, or (2) to timely file a request for a waiver to reduce or eliminate the penalty amount pursuant to ERISA § 502(l)(3), 29 U.S.C. § 1132(l)(3). If a request for waiver or reduction of the penalty is timely filed, MSES and Rine agree to accept EBSA's determination regarding such request, and to pay the penalties, if any, as set forth in the EBSA determination letter. Any penalty payment should be made online at https://www.pay.gov/public/form/start/1063197296. Payment shall include reference to EBSA Case No. 22-015665.

17.   MSES and Rine, as well their agents, beneficiaries, representatives, assigns, and successors in interest, hereby release the Acting Secretary and the Acting Secretary's officers, agents, attorneys, employees, and representatives, both in their individual and official capacities, from all actions, claims, and demands of whatsoever nature, including those arising under any statute, rule, or regulation, that relate in any manner to the filing, prosecution, and maintenance of this civil action or any other proceeding or investigation relating to or in connection with this

civil action. MSES and Rine also expressly waive any and all such claims of any nature that it may have against the Acting Secretary, the Department of Labor, or any of the Acting Secretary's officers, agents, attorneys, employees, or representatives arising under the Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

18. This Consent Judgment and Order shall operate as a full, final, and complete judicial resolution and disposition of all claims that were asserted in the Complaint by the Acting Secretary against MSES and Rine, and the Acting Secretary hereby releases MSES and Rine with respect to those claims, aside from any proper and necessary enforcement of this Consent Judgment and Order requested by any party herein.

19. Nothing in this Consent Judgment and Order is binding on any governmental agency other than the U.S. Department of Labor.

20. This Court retains jurisdiction over this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order by any party, as necessary.

21. The Court directs the entry of this Consent Judgment and Order as a final order pursuant to Federal Rule of Civil Procedure 54.

DATED THIS 12th DAY OF December, 2024.

_____
HONORABLE THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

The parties approve the Consent Judgment and Order as to form and substance:

| For Plaintiff: | For Defendants MSES Consultants, Inc. and Lawrence Rine |
|---|---|
| WILLIAM IHLENFELD<br>United States Attorney<br><br>By: *Stephanie K. Savino* (signature)<br><br>Stephanie K. Savino<br>Assistant United States Attorney<br>WV Bar No. 13684<br>United States Attorney's Office<br>P.O. Box 591<br>Wheeling, WV 26003<br>Phone: (304) 234-0100<br>Fax: (304) 234-0112<br>E-mail: Stephanie.K.Savino@usdoj.gov<br><br>Dated: 12/02/2024<br><br>Seema Nanda<br>Solicitor of Labor<br><br>Samantha N. Thomas<br>Regional Solicitor<br><br>Usha Rengachary<br>Counsel for ERISA<br><br>*Alejandro A. Herrera* (signature)<br>By: Alejandro A. Herrera<br>Senior Trial Attorney<br>U.S. Department of Labor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103<br>Phone: (215) 861-5136<br>E-mail: herrera.alejandro.a@dol.gov<br><br>*Attorneys for Plaintiff*<br><br>Dated: 12/02/2024 | (signature)<br>By: Harry A. Smith, III<br>Jory & Smith, L.C.<br>P.O. Box 1909<br>Elkins, WV 26241<br>hasmith@jorysmith.com<br>304-363-3553<br><br>Dated: 12/01/2024 |



**A STERLING APPROACH.**
**TO FINDING SOLUTIONS.**
**TOGETHER.**

April 10, 2024

Samantha Truppi
Senior Technical Advisor
Office of Enforcement
200 Constitution Ave. N.W.
Washington DC 20210
202-693-8765

RE: Independent Fiduciary Proposal Request ("IFP Request")

Dear Ms. Truppi:

Examination Resources, LLC("ER") appreciates the opportunity to respond to the referenced IFP request. As a firm ER has successfully assisted numerous State Insurance Departments and federal agencies/regulators with a variety of services, which notably includes receiverships of insolvent health insurers where we marshal assets for the payment of claims and negotiated with providers to resolve outstanding claim balances.

**ER Proposal**

Scope of Work

Based upon our discussion of the IFP Request it is our understanding that ER will utilize money that is obtained from the plan sponsor to negotiate a resolution to approximately $200,000 in adjudicated but unpaid claims and reimburse members who paid for claims out of pocket to the extent these members and amounts can be identified and ascertained respectively.

**Atlanta Office** | 20 10th Street NW, Suite 803 I Atlanta, GA  30309 I 404-816-6188 (office) I 404-816-6197 (fax)
**Baltimore Office** | 1014 West 36th Street, Lower Level, Suite B | Baltimore, MD 21211 | 678-704-2162 (office)
**Virginia Office** | 145 N. Main Street | Stuart, VA 24171 | 276-694-3806 (office)

Proposed Fees

ER proposes the following hourly rate for services:

| | |
|---|---|
| Managing Director | $200 |
| Attorney | $200 |
| Project Manager | $175 |
| ER Claim Staff | $150 |
| ER Admin Staff | $80 |

ER proposes a Cap of 200 hours for this initiative.

Services Performed

1. Provider research/negotiations/settlements (par/non par/rental networks)- 150 hours
2. Member research/review (including subrogation and COB follow up)-20 hours
3. TPA follow up/research (including broker/consultant review)-15 hours.
4. Claims payment/processing- 10 hours
5. Legal/financial review – 5 hours

Management of Project

Project Manager will be responsible for managing of this initiative (Garland Scott - Assistant Director)

ER Managing Director Don Roof and Director/Attorney Trey Sivley will be involved in oversight and support to ensure compliance and completion of this initiative.

Proposed Coordination and Cooperation

ER will coordinate with DOL, DOJ and the former administrator of the health plan to obtain all the files, documents, and other information necessary to complete the proposed scope of work.  We will also cooperate with DOL and all other relevant parties to ensure that the project is completed as efficiently as possible.

Privacy and HIPPA Compliance

ER will handle and maintain all PHI and other confidential information in a manner that is compliant with all relevant privacy laws including HIPAA and HITECH.

Organization Support and Experience

ER is headquartered in Atlanta, Georgia with offices located in Baltimore, Maryland, and Stuart Virginia and has 183 employees and individual professionals under contract.

ER personnel assigned to the engagement will have the appropriate training, experience, and credentials, if applicable, for the area in which they will provide services. Additionally, assigned staff will be directly supervised by the applicable key employees whose CVs are included as attachments to this proposal.

Conflict of Interest Policy

ER has a stringent written conflict of interest policy that all employees and independent contractors must comply with.  As a firm, ER only provides consulting services to state, federal, and international regulators. We have confirmed that ER does not have any conflicts of interest as it relates to this proposal.

Thank you for the opportunity to provide a proposal for the IFP Request and do not hesitate to reach out to me with any questions.

Respectfully submitted,


Don F. Roof
Managing Director
20 10th Street NW, Suite 803
Atlanta, Ga 30309
Email: donroof@examresources.net
Phone:770-363-0425